UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANH V. VO, | ) | CASE NO. C05-0401-JLR-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | DISABILITY APPEAL |
| Defendant. | ) | |

Plaintiff Anh V. Vo proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance (DI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that this matter be AFFIRMED.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1953.[1]  He completed high school and at least three years of college.  Plaintiff previously worked as a self-employed commodities trader, an importer, and a manufacturing representative.

Plaintiff applied for SSI and DI in April 2002, alleging a disability onset date of December 30, 1999 due to chronic pain in his chest and low back due to the presence of shrapnel.[2]  His applications were denied initially and on reconsideration, and he timely requested a hearing.

ALJ Roberta Alexis conducted a hearing on March 8, 2004, taking testimony from plaintiff and vocational expert Dr. Susan Stewart. (AR 24-85.) The ALJ issued a decision denying plaintiff benefits on June 17, 2004. (AR 14-23.) Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to review plaintiff's claim. (AR 6-8.) Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] Plaintiff previously received disability benefits from 1985 through 1993. (AR 26.)

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

engaged in substantial gainful activity since his alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's degenerative disc disease of the lumbar spine, shrapnel injuries, and Post-Traumatic Stress Disorder (PTSD). Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria for any listed impairments. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff unable to perform his past relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found plaintiff could perform other work existing in significant levels in the national economy, such as work as a check cashier, office clerk, and call out operator.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

In this case, plaintiff raises several arguments, all relating to his pain. The Commissioner

01  asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. For

02  the reasons described below, the undersigned agrees with the Commissioner and recommends that

03  the ALJ's decision be affirmed.

04  <u>Credibility</u>

05  Plaintiff argues that the ALJ erred in rejecting his testimony regarding the disabling nature

06  of his pain. He describes the ALJ's credibility assessment as "cursory." The Commissioner asserts

07  that the ALJ properly rejected plaintiff's subjective allegations.

08  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

09  reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). *See*

10  *also Thomas*, 278 F.3d at 958-59. In finding a social security claimant's testimony unreliable, an

11  ALJ must render a credibility determination with sufficiently specific findings, supported by

12  substantial evidence. "General findings are insufficient; rather, the ALJ must identify what

13  testimony is not credible and what evidence undermines the claimant's complaints." *Lester v.*

14  *Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "We require the ALJ to build an accurate and logical

15  bridge from the evidence to her conclusions so that we may afford the claimant meaningful review

16  of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In

17  weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness,

18  inconsistencies either in his testimony or between his testimony and his conduct, his daily activities,

19  his work record, and testimony from physicians and third parties concerning the nature, severity,

20  and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789,

21  792 (9th Cir. 1997).

22  An ALJ must set forth specific reasons for discrediting a claimant's testimony as to excess

pain; that is, pain unsupported by objective medical findings. *Varney v. Secretary of Health & Human Servs.*, 846 F.2d 581, 584 (9th Cir.), *results on rehearing modified in part on other grounds in* 859 F.2d 1396, 1398 (9th Cir. 1988). However, such testimony may not be discredited based solely on the lack of full corroboration by objective medical evidence. *Id*.

In assessing plaintiff's credibility, and his assertion as to the level of his pain, the ALJ stated as follows:

> In assessing the claimant's "RFC", the [ALJ] carefully considered the claimant's testimony concerning his subjective complaints and limitations. The claimant testified that pain in his low back radiates down his leg. He also reported the existence of pain in his chest. All of his pain increased with changes in weather, according to his testimony. Furthermore, he admitted that this pain was reduced by 40% with the use of medication, a TENS unit and a "pain patch".
>
> The claimant testified in a forthright manner, but his testimony does not support a conclusion that his "RFC" prevents all work activity. Instead, his testimony provided support for the conclusion that some work activity was possible. For instance, he reported a reduction of pain through the use of a number of modalities. And his testimony indicated a rather normal day in which he performed such activities as attending classes at North Seattle Community college, reading books, driving his car, and watching television. In regard to his pursuit of further education, the claimant reported that he is a recipient of a Pell grant as he proceeds to change his career.
>
> The medical evidence also fails to support the claimant's belief that he cannot perform any work. A physical capacity evaluation in March 2002 showed that he had a normal posture (Ex. B15F-39). It was noted that his actual exercise test performance was limited by a severely guarded effort. And this evaluation also stated the claimant had an out-of-proportion" [stet] tolerance of lifting.
>
> Other studies have shown similarly odd findings. According to Ted Rothstein, M.D., in his report dated November 1, 2001, there was no explanation for the claimant's complaints of left arm and hand paresthesia. The objective findings did not conform to peripheral nerve or dermatomal distribution. His loss of vibration was non-physiologic (Ex. B5F-3). Accordingly, the "RFC" determined in this decision is an accurate description of the claimant's ability to function.

(AR 19-20.)

01   The ALJ provided specific reasons for discrediting plaintiff's excess pain testimony and
02 clear and convincing reasons for rejecting his testimony as to the alleged extent of his limitations
03 – including the reduction of plaintiff's pain through various modalities; inconsistencies between
04 plaintiff's testimony and his daily activities, educational pursuits, and the medical record; and
05 various "odd findings" in the record. She did not discredit plaintiff's excess pain testimony based
06 solely on the lack of fully corroborating objective medical evidence. Therefore, contrary to
07 plaintiff's contention, this credibility assessment was neither cursory, nor in any other respect
08 deficient.

09                                              RFC and Hypothetical

10   Plaintiff argues that the ALJ failed to adequately consider his pain-related limitations or
11 to include those limitations in proffering a hypothetical to the vocational expert. The
12 Commissioner maintains that the ALJ's hypothetical, and the RFC upon which it was based,
13 properly summarized plaintiff's functional limitations.
14   RFC is the most a claimant can do considering his or her limitations or restrictions. *See*
15 Social Security Ruling (SSR) 96-8p. A hypothetical posed to a vocational expert must include all
16 of the claimant's functional limitations supported by the record. *Thomas*, 278 F.3d at 956 (citing
17 *Flores v. Shalala*, 49 F.3d 562, 520-71 (9th Cir. 1995)). A vocational expert's testimony based
18 on an incomplete hypothetical lacks evidentiary value to support a finding that a claimant can
19 perform jobs in the national economy. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)
20 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).
21   In assessing plaintiff's RFC, the ALJ found as follows:
22 / / /

The claimant is limited to a light level of physical exertion with additional restrictions. This conclusion is based on the assessments of the claimant's "RFC" found in the record. For instance, Robert Hoskins, M.D., a medical consultant for the Disability Determination Service (DDS) did such an assessment on September 14, 2002 (Ex. B11F). This physician concluded that the claimant was able to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant was also found able to sit and to stand/walk for 6 hours during an 8-hour workday. His ability to push and to pull was unlimited. The only physical limitation was in only an occasional ability to climb ladders, ropes and scaffolds (Ex. B11F).

The claimant's treating physician reached very similar conclusions about the claimant's physical functioning (Ex. B15F). Dina Eisinger, M.D., reported the following assessment in 2003 concerning the claimant's abilities:

> "I believe that Mr. Vo is capable of meaningful work in the long term only within stringent physical conditions. These would include: No lifting greater than 20 pounds; no frequent bending, stooping, or twisting; no activities involving high fall risk; no impact activities; change position often; limit sit/stand/walk to one-half hour at each time; limit driving to 20 minutes at a time; avoid vibrational stress".

In looking at both of these assessments as well as the entire record, the [ALJ] has concluded that the claimant is able to lift and carry 10 pounds frequently and 20 pounds occasionally. He cannot perform any frequent bending or twisting. The claimant needs to avoid moving machinery and vibrating equipment. His ability to sit, stand and walk is limited to 30 minutes at a time during an 8-hour workday.

Additional restrictions to the "RFC" come from the claimant's [PTSD]. As noted by Dr. Halfant in her assessment of the claimant's mental functioning, he is limited to simple, repetitive work tasks and precluded from complex and detailed work activities.

In reaching these conclusions about the claimant's [RFC], the [ALJ] acknowledges that Dr. Eisinger issued a "To Whom It May Concern" letter in April 2002 that stated, "In my opinion, Mr. Vo is likely to have permanent and disabling pain as a result of the above conditions (shrapnel" (Ex. B15F-26). [stet] Dr. Eisinger concluded this letter by stating that the claimant was 'permanently disabled from gainful employment". [stet]

However, the [ALJ] did not give great weight to this opinion. The letter does not cite objective findings that support the conclusions. Furthermore, the opinion in this letter is inconsistent with Dr. Eisinger's later conclusion that work activity was possible within certain parameters and that the claimant's pain medication would not cause him

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

to be incapable of employment (Ex. B15F).

. . .

(AR 18-19.) The ALJ went on to consider plaintiff's credibility, as outlined above. (AR 19-20.)

In the hearing, the ALJ proffered a hypothetical to the vocational expert corresponding with the RFC assessment described in the decision, and the vocational expert identified two positions – check cashier and office clerk. (AR 75-77.) The ALJ also proffered a second hypothetical, modifying the first hypothetical to reflect an individual who could lift only five pounds, sit for two hours during the course of a day, was limited in reaching, fingering, pushing, pulling, and handling, and could never climb, balance, stoop, crouch, kneel, or crawl. (AR 78-79.) The vocational expert identified the position of call-out operator in response to that hypothetical. (AR 79.) Based on this testimony, the ALJ concluded, considering his age, educational background, work experience, and RFC, plaintiff was capable of making an adjustment to work existing in significant numbers in the national economy. (AR 21.)

As reflected in the decision, the ALJ did consider plaintiff's pain-related limitations and assessed him accordingly. The ALJ then crafted hypotheticals taking into consideration the functional limitations supported by the record. As such, plaintiff fails to demonstrate any error in either the RFC assessment or the hypotheticals proffered to the vocational expert.

Somatoform or Pain Disorder

Plaintiff notes, without further discussion, that the ALJ failed to mention a diagnosis of somatoform or pain disorder and, consequently, to discuss any limitations resulting from such a condition. The Commissioner does not directly respond to this contention.

The ALJ's decision does not reference a somatoform or pain disorder diagnosis. However,

01 plaintiff's bare assertion as to the omission of such a diagnosis fails to establish the existence of

02 a reversible error. Moreover, as described below, the ALJ's decision does reflect adequate

03 consideration of plaintiff's pain-related limitations at each step of the sequential evaluation.

04 Plaintiff bears the burden at step two to a make a threshold showing that a medically

05 determinable impairment significantly limits his ability to perform basic work activities. *See Bowen*

06 *v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. § 416.920(c). In this case, the ALJ found,

07 *inter alia*, plaintiff's shrapnel injuries, and the associated pain, a severe condition at step two.

08 Plaintiff fails to show that a somatoform or pain disorder also significantly limits his ability to

09 perform basic work activities. To the contrary, Drs. Steven Haney and John Robinson found

10 plaintiff capable of working despite the presence of this diagnosis. (*See* AR 342, 346-47 and 382-

11 83.)

12 At step three, "[t]he mere diagnosis of a [listed] impairment . . . is not sufficient to sustain

13 a finding of disability." *Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990). Here, plaintiff

14 proffers no more than the existence of a diagnosis. Nor does plaintiff otherwise establish that the

15 ALJ erred in finding that none of his severe conditions met the requirements of a listing.

16 Finally, as discussed above, the ALJ adequately considered plaintiff's pain-related

17 limitations at steps four and five. Therefore, for all of these reasons, plaintiff does not demonstrate

18 error in the ALJ's failure to mention the existence of a somatoform or pain disorder diagnosis, or

19 to discuss any possible resulting limitations.

20 / / /

21 / / /

22 / / /

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

## **CONCLUSION**

For the reasons described above, this matter should be AFFIRMED. A proposed order accompanies this Report and Recommendation.

DATED this  6th  day of  October , 2005.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge